

ORDERED in the Southern District of Florida on January 3, 2017.

John K. Olson, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re**:

**US Capital/Fashion Mall, LLC,**

                Debtor.
_____/

**Kenneth A. Welt, Chapter 7 Trustee**

                Plaintiff,

v.

**WCH Synergy Investments I, LLC &**
**WCH Synergy Investments, LLC**,

                Defendants.
_____/

Case No.: **14-32819-JKO**

Chapter **7**

Adversary Proceeding No.:

**16-01575-JKO**

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF 11, 12]

    This adversary proceeding is before the Court upon Defendant WCH Synergy Investments I, LLC's Motion to Dismiss Adversary Complaint [ECF 11] and Defendant WCH Synergy Investments, LLC's Motion to Dismiss Adversary Complaint [ECF 12], which were both filed on

December 15, 2016. In light of the Kenneth A. Welt, Chapter 7 Trustee's (the "Plaintiff") failure to state a claim upon which relief may be granted, the Motion is Granted.

## FACTS

On October 11, 2016, the Plaintiff filed this adversary proceeding seeking a judgment against Defendants determining that all or part of some pre-petition transfers are avoidable for the benefit of the estate. The Complaint [ECF 1] alleges two counts: (i) open account and (ii) action to avoid and recover fraudulent transfers. On December 15, both Defendants simultaneously moved to dismiss the adversary complaint [ECF 11, 12] pursuant to Fed. R. Civ. P. 12(b)(6) (made applicable to this proceeding by Fed. R. Bank. P. 7012) and pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## DISCUSSION

1. **Legal Standard for Dismissal of Adversary Complaint**

When a defendant files a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), made applicable under Bankruptcy Rule 7012, the Court must determine if the Plaintiff in the complaint has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 546. Plaintiffs must "raise a right to relief above the speculative level" and "nudge their claims across the line from conceivable to plausible." *Id*. at 547. A court "weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id.* at 563 n.8 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F.2d 332, 336 (11th Cir. 1992) (citing *Robertson v. Johnston,* 376 F.2d 42 (5th Cir. 1967)). Further, in evaluating a motion to dismiss under Rule 12(b)(6), courts

must determine whether a complaint states a cause of action and usually begin "by taking note of the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675.

### 2. Plaintiff's Pleadings Are Insufficient

Plaintiff's Complaint [ECF 1] fails to state a claim for which relief can be granted against either Defendant. First, the Complaint alleges, without further detail, that the Defendants are alter egos of each other solely because of shared ownership, management, and location. The Complaint then continues to assume that WCH Synergy Investments, LLC and WCH Synergy Investments I, LLC are in fact the same entity. The allegations put forth in the Complaint are insufficient to allege alter ego, and are not alleged as a cause of action or a claim upon which relief may be granted. Simply put, the Plaintiff has cursorily assumed that the Defendants are alter egos of each other, without providing sufficient allegations. Notwithstanding the absence of any allegations sufficient to show that the defendants are alter egos, the Court will analyze the sufficiency of the two counts plead.

### a. Count I: Open Account

The elements of an open account are: (1) a contract between creditor and debtor; (2) where the amount claimed by the creditor represents either an agreed on sales price or the reasonable value of goods delivered; and (3) that goods were actually delivered. *Law Offices of David J. Stern, P.A. v. Bank of Am. Corp.*, 2012 WL 112935 at *4 (S.D. Fla. Jan. 12, 2012). *See also Idearc Media Corp. v. Premier Limousine, LLC*, 2009 WL 482293 at *2 (M.D. Fla. Feb. 25, 2009)(finding the cause of action also applies to services, in addition to the sale of goods). The pertinent portion of Plaintiff's allegations regarding Count I are as follows:

> 17. The Debtors' books and records reflect an open account due from Defendants in the amount of $49,925.32.

      18. Moreover, the Schedules filed by Debtor Mapuche in this Court [ECF No. 53 in Case No. 14-32819-JKO], sworn under penalty of perjury by He and on behalf of the Debtor Mapuche, reflect the receivable due from Defendants in the amount of $49,925.32

      19. Defendants owe the Plaintiff, on behalf of Mapuche, LLC, the sum of $49,925.32 which was previously advanced to Defendants by Mapuche, LLC as a loan.

For a variety of reasons, Plaintiff's allegations fail to state a claim for open account under applicable Florida law. Plaintiff has failed to identify (*and* attach) a contract and an itemized copy of the account. *See* Florida Rules of Civil Procedure 1.932. *See also Twins Intern. Mktg. v. Lagaci, Inc.*, 2014 WL 4248192 at *2 (S.D. Fla. Aug 27, 2014) citing *H & H Design Builders, Inc. v. Travelers' Indem. Co.*, 639 So. 2d 697, 700 (Fla. 5th DCA 1994). Furthermore, an "obligation does not become an 'open account' simply because the amount due under a contract requires calculation. An obligee under a contract cannot avoid the requirement of pleading and proving a cause of action based on a contract by placing its demand on a 'statement of account.'" *Id.* Furthermore, in Florida an open account has been defined as an unsettled debt arising "from items of work and labor, goods sold and delivered with the expectation of further transactions subject to further settlement." *Idearc*, 2009 WL 482293 at *2 citing to *Central Insurance Underwriters, Inc. v. National Insurance Finance Co.*, 599 So.2d 1371, 1373 (Fla. 3d DCA 1992). There are no allegations that the debt was owed and there was an expectation of further transactions. Because the Plaintiff has failed to plead the elements of a cause of action and provide prima facie evidence of such a claim, Count 1 must be dismissed.

    **b.  Count II:   Action to Avoid and Recover Fraudulent Transfers**

      The heightened pleading standards set forth in *Twombly* require that the plaintiff allege enough **facts** to plausibly state a claim to relief. Under *Iqbal*, in evaluating a motion to dismiss, Courts usually begin by taking note of the elements a plaintiff must plead to state a claim. Here,

Count II of the Complaint [ECF 1] merely regurgitates statutory language provided in 11 U.S.C. § 548(a)(1)(A) and Fla. Stat. § 726.105(1)(a) pleading a cause of action. Providing statutory language without pleading *any non-conclusory facts* is indeed just the type of case that *Tombly* considered: "naked assertions" devoid of sufficient "factual enhancement" to state a claim for relief that is plausible on its face. *Twombly* at 569. The Complaint vaguely asserts that a loan of approximately $50,000 caused the Defendants to become insolvent or undercapitalized, without any particularity. Accordingly, Count II must also be dismissed.

## CONCLUSION

Federal Rule of Bankruptcy Procedure 7012, adopting Federal Rule of Civil Procedure 12, authorizes the court to dismiss a complaint that fails to state a claim upon which relief may be granted. Because this bare-bones Complaint fails to state a claim upon which relief may be granted, it is hereby **ORDERED** that:

1) Defendants' Motions to Dismiss Adversary Proceeding [ECF 11, 12] are **GRANTED**.

2) The Complaint against WCH Synergy Investments I, LLC, and WCH Synergy Investments, LLC is **DISMISSED WITHOUT PREJUDICE.** Plaintiffs shall have 28 days from the entry of this order to file an amended complaint.

# # #

Copies to:

All parties in interest.